UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KENNETH VISER                                CIVIL ACTION

VERSUS                                       NO: 06-10960

TRINITY CATERING, INC., ET                   SECTION: J(4)
AL

### ORDER AND REASONS

Before the Court is Defendant I.G. Petroleum, L.L.C.'s **Motion for Summary Judgment (Rec. Doc. 32).** This motion, which is opposed, was set for hearing on November 28, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's Motion for Summary Judgment should be denied.

### Background Facts

On November 21, 2006, Plaintiff was working in the galley of the M/V Dewitt, a lift boat. The vessel came upon heavy seas, at which point Plaintiff was thrown on the deck of the vessel and an industrial refrigerator that was allegedly not properly bolted down landed on Plaintiff. Plaintiff sustained injuries to his back and other parts of his body.

Plaintiff brought suit against Defendants Trinity Catering, Inc. ("Trinity"), Elevating Boats, LLC ("Elevating Boats"), and I.G. Petroleum, LLC ("I.G. Petroleum").  At the time of the accident, Plaintiff was employed by Trinity and by Elevating Boats, the owner and operator of the M/V Dewitt.  Elevating Boats had hired Plaintiff as its chief steward.  I.G. Petroleum was the time charterer of the M/V Dewitt.

Plaintiff alleges that all Defendants were negligent in failing to provide him with a safe work environment and an adequately trained crew.  Additionally, Plaintiff alleges the M/V Dewitt was rendered unseaworthy due to the improperly bolted down refrigerator and the failure of Elevating Boats and I.G. Petroleum to secure the vessel in heavy seas.

### The Parties' Arguments

In its motion for summary judgment, I.G. Petroleum states that it had no employees on the vessel at the time of the accident, and had never agreed to, participated in, or supervised the maintenance of the M/V Dewitt.  According to I.G. Petroleum, that duty was the sole responsibility of Elevating Boats pursuant to the Blanket Charter Agreement with I.G. Petroleum.  That agreement provides, in pertinent part:

> 13.   DIRECTION AND CONTROL
> . . .
> The responsibility for management, navigation, operation and control of vessels shall at all time remain with OWNER.  The Captain shall at all times be responsible for the operation of the vessel in any weather or sea condition, and shall act as sole judge of the safety and weather

>   conditions.
>
>   14.  EMPLOYEE
>   . . .
>   It is hereby understood and agreed that
>   OWNER is an independent contractor and the
>   CHARTERER is interested only in having
>   services performed and provided under this
>   agreement, the employees of OWNER engaged in
>   performance of work hereunder shall be
>   considered employees of OWNER and shall not
>   be considered employees, statutory employees
>   or borrowed servants of CHARTERER.

In support of its contention that this Agreement precludes a finding of liability with respect to theories of negligence or unseaworthiness as to I.G. Petroleum, Defendant cites <u>Saudi v. S/T Marine Atl.</u> for the proposition that:

>   [A]s a matter of Fifth Circuit law, a time
>   charterer as a general rule assumes no
>   liability for negligence of a vessel's crew
>   or the unseaworthiness of the vessel unless
>   the plaintiff shows that the charter parties
>   intended otherwise.  <u>Mallard v. Aluminum Co.
>   of Canada, Ltd.</u>, 634 F.2d 236, 242 n.5 (5th
>   Cir.), cert. denied sub nom. <u>Erikson v.
>   Mallard</u>, 454 U.S. 816 (1981).  Clear express
>   language is required in the time charter to
>   rebut the presumption that the charter
>   parties did not intend to shift the
>   responsibility for negligence of a vessel's
>   crew or unseaworthiness of a vessel to the
>   charterer.  <u>Kerr-McGee Corp. v. Ma-Ju Marine
>   Services, Inc.</u>, 830 F.2d 1332, 1343 (5th Cir.
>   1987).  Defendants explain that these rules
>   arise from the distinction between demise and
>   non-demise charters.  Under a demise, or
>   bareboat charter, the owner of the vessel
>   transfers full possession and control to the
>   charterer, which furnishes the crew and
>   maintenance for the vessel.  Thus the demise
>   or bareboat charterer is the owner pro hac
>   vice of the vessel for the duration of the
>   contract and is therefore responsible in
>   personam for the negligence of the crew and
>   the unseaworthiness of the vessel.  <u>Forrester
>   v. Ocean Marine Indem. Co.</u>, 11 F.3d 1213,

> 1215 (5th Cir. 1993). Under a non-demise charter, which encompasses both time charters and voyage charters, the charterer may use the vessel for a specified period of time, but the vessel owner retains primary possession and control of the vessel and the time charterer does not control the details of its operation. Therefore the time charterer is not liable for any negligence of the crew or unseaworthiness of the vessel.
> Id.

159 F. Supp. 2d 492 (S.D. Tex. 2000). Therefore, according to I.G. Petroleum, liability cannot shift from the vessel and attach to I.G. Petroleum absent clear, express language in the vessel charter. No such language is present.

Furthermore, I.G. Petroleum states that it had no employees aboard the vessel at any pertinent time, and therefore can not be held independently liable. I.G. Petroleum admits that it had a hired consultant, Eddie Goins, on board, but states that Mr. Goins was an independent contractor whose negligence cannot be imputed to I.G. Petroleum.

Finally, I.G. Petroleum states that even if it ordered the M/V Dewitt to move from one location to another, the Blanket Time Charter Agreement grants sole authority regarding decisions with respect to weather and sea conditions, vessel operations, and safety, to the Captain of the vessel, who thereby has a right to refuse the time charterer's orders for the safety of the vessel and crew. Therefore, the fault lies with the Captain, an employee of Elevating Boats.

In response, Plaintiff states that the Fifth Circuit, in Hodgen v. Forest Oil Corp., observed that case law suggests a time

4

charterer owes a hybrid duty, arising from tort and contract law, to persons with whom it has no contractual relationship, to exercise control in a reasonably prudent manner within the sphere of activity over which it exercises partial control.  87 F.3d 1512, 1517-20 (5th Cir. 1996).  Such a sphere could include choosing the timing, route, cargo, and general mission of the vessel's voyage.  Id. at 1517, 1520.  For example, if the charterer orders the vessel's crew to continue working despite dangers threatened by poor weather, the time charterer is not absolved of responsibility for any injury or damage.  Id. at 1518, 1521.

Therefore, according to Plaintiff, the general rule that a time charterer is only liable for the vessel's unseaworthiness or the crew's negligence if it exercised control over the vessel "does not exempt a time charterer from liability if it is negligent in conducting its activities as time charterer."  In re P&E Boat Rentals, Inc., 872 F.2d 642 (5th Cir. 1989).

In response to I.G. Petroleum's assertion that Mr. Goins was an independent contractor whose negligence cannot be imputed to I.G. Petroleum, Plaintiff states that a principal is liable for the torts of an independent contractor if the principal exercises "operational control" over the independent contractor's actions. Landry v. Huthnance Drilling Co., 889 F.2d 1469, 1471 (5th Cir. 1989).  According to Plaintiff, Mr. Goins was under the direct control of I.G. Petroleum and taking his orders from I.G. Petroleum as to the operations of the M/V Dewitt.  Specifically,

5

Mr. Goins was taking direct orders from I.G. Petroleum as to the "jacking down" of the M/V Dewitt in heavy seas which caused Plaintiff's injuries.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

The Fifth Circuit has held that a time charterer owes a hybrid duty, arising from tort and contract law, to persons with whom it has no contractual relationship, to exercise control in a reasonably prudent manner within the sphere of activity over which it exercises partial control. Specifically, in Graham v. Milky Way Barge, Inc., four platform workers were injured or killed when the weather roughened unexpectedly, causing the waves to capsize a jack-up barge chartered to the owner of a nearby platform. 824 F.2d 376 (5th Cir. 1987). The Court determined that the time charterer was 30% liable on the ground that it had dispatched the barge into unsheltered waters, then failed to broadcast reports of the impending bad weather. The Court noted

that "there is a distinction between a time charterer's potential liability under the time charter and independent tort liability which is not governed by the time charter.  In addition, general principles of maritime negligence govern maritime torts."  Id. at 388.  Thus, Fifth Circuit case law has recognized that the time charterer's duty to persons or entities not parties to the charter does not stem solely from the charter itself, which is a contract, but may also spring from independent principles of tort law.  Id.

Applying this standard to the instant facts, the language in the Charter Agreement removing responsibility from I.G. Petroleum for management, navigation, operation and control of the M/V Dewitt does not summarily eliminate a finding of tort liability.

Furthermore, a principal can be held liable for the torts of an independent contractor if the principal exercises "operational control" over the independent contractor's actions.  Landry v. Huthnance Drilling Co., 889 F.2d 1469, 1471 (5th Cir. 1989).  Because Plaintiff has presented facts that Mr. Goins, I.G. Petroleum's consultant, was under the direct control of I.G. Petroleum and taking his orders from I.G. Petroleum as to the operations of the M/V Dewitt, there exist genuine issues of material fact.  Therefore, summary judgment is precluded.  Accordingly,

**IT IS ORDERED** that Defendant I.G. Petroleum's **Motion for Summary Judgment (Rec. Doc. 32)** is hereby **DENIED.**

7

New Orleans, Louisiana, this 21st day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE