```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| KENNETH VISER | CIVIL ACTION |
| VERSUS | NO: 06-10960 |
| TRINITY CATERING, INC., ET AL | SECTION: J(4) |

### ORDER AND REASONS

Before the Court is Defendant I.G. Petroleum, L.L.C.'s **Renewed Motion for Summary Judgment (Rec. Doc. 46)**. This motion, which is opposed, was set for hearing on January 23, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that I.G. Petroleum, L.L.C.'s motion should be granted.

### Background Facts

On November 21, 2006, Plaintiff was working in the galley of the L/B DEWITT ELEVATOR, a lift boat. The vessel came upon heavy seas, at which point Plaintiff was thrown on the deck of the vessel and an industrial refrigerator that was allegedly not properly bolted down landed on Plaintiff. Plaintiff sustained injuries to his back and other parts of his body.

Plaintiff brought suit against Defendants Trinity Catering,

Inc. ("Trinity"), Elevating Boats, LLC, and I.G. Petroleum, LLC. At the time of the accident, Plaintiff was employed by Trinity and by Elevating Boats, the owner and operator of the L/B DEWITT ELEVATOR. Elevating Boats had hired Plaintiff as its chief steward. I.G. Petroleum was the time charterer of the L/B DEWITT ELEVATOR.

Plaintiff alleges that all Defendants were negligent in failing to provide him with a safe work environment and an adequately trained crew. Additionally, Plaintiff alleges the L/B DEWITT ELEVATOR was rendered unseaworthy due to the improperly bolted down refrigerator and the failure of Elevating Boats and I.G. Petroleum to secure the vessel in heavy seas.

This is I.G. Petroleum's second motion for summary judgment. The first motion was denied by this Court based upon the fact that a time charterer owes a hybrid duty, arising from tort and contract law, to persons with whom it has no contractual relationship, to exercise control in a reasonably prudent manner within the sphere of activity over which it exercises partial control. See Graham v. Milky Way Barge, Inc., 824 F.2d 376 (5th Cir. 1987). Despite the existence of the blanket charter agreement removing responsibility from I.G. Petroleum for management, navigation, operation, and control of the L/B DEWITT ELEVATOR, Fifth Circuit case law has recognized that the time charterer's duty to persons or entities not parties to the charter does not stem solely from the charter itself, which is a contract, but may also spring from independent principles of tort

law.  Id.

Applying this standard to the facts of this case, this Court determined that the language in the Charter Agreement did not summarily eliminate a finding of tort liability.  Combined with the fact that a principal can be held liable for the torts of an independent contractor if the principal exercises "operational control" over the independent contractor's actions, because Plaintiff had presented facts that Mr. Goins, I.G. Petroleum's consultant or "company man" aboard the vessel, was under the direct control of I.G. Petroleum and taking his orders from I.G. Petroleum as to the operations of the L/B DEWITT ELEVATOR, this Court found that summary judgment was precluded.  Landry v. Huthnance Drilling Co., 889 F.2d 1469, 1471 (5th Cir. 1989).

## The Parties' Arguments

In its renewed motion for summary judgment, I.G. Petroleum re-states the same arguments it made it its initial motion, the only difference being that it submits two affidavits in support of its argument Mr. Goins never ordered, advised, or requested that the L/B DEWITT ELEVATOR be moved or repositioned on behalf of I.G. Petroleum.  Therefore, according to I.G. Petroleum, there can be no liability imparted to it for any order to move the vessel in rough seas.

I.G. Petroleum first submits the affidavit of Robert Hallmark, who was, at the time of the accident, and currently is the Managing Member of I.G. Petroleum.  Mr. Hallmark states that he was the person who communicated with Mr. Goins and that at no

time was Mr. Goins ordered, advised, or requested to move or reposition the vessel by I.G. Petroleum.  According to Mr. Hallmark, all communications with Mr. Goins concerned either job status or responses to inquiries about the work site.

I.G. Petroleum also submits the affidavit of Mr. Goins.[1] Mr. Goins' affidavit states that his conversations with I.G. Petroleum concerned only facility design, job strategy, and status reports.  He confirms that I.G. Petroleum never issued any orders or instructions to him regarding the movement or repositioning of the vessel.  Furthermore, Mr. Goins states that the Captain's determination as to his ability to safely move the vessel given the weather and water conditions was the sole and determining factor, and that the Captain never moved or repositioned the vessel under protest.

In opposition, Plaintiff states that he was aware of I.G. Petroleum's control of Mr. Goins because he answered the phone for and was present when Mr. Goins had conversations with representatives of I.G. Petroleum.  Plaintiff also argues that there was direct contact with the Captain of the vessel as to the actions of the vessel and its operation made by I.G. Petroleum through Mr. Goins.  According to Plaintiff, the Captain was not in complete control of the operations of the L/B DEWITT ELEVATOR. Therefore, according to Plaintiff, the full extent of I.G.

---

[1] According to I.G. Petroleum, as Mr. Goins is no longer employed with Stokes & Speihler (the entity with which I.G. Petroleum had contracted), Mr. Goins has no interest in the outcome of the litigation.

Petroleum's involvement in the operational control of the vessel should be left up to the jury to decide after hearing testimony from the parties who executed the affidavits submitted by I.G. Petroleum.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

The only question before the Court at this point is does a genuine issue of material fact remain as to whether I.G. Petroleum exercised "operational control" over the vessel through Mr. Goins?  In other words, was Mr. Goins under the direct control of I.G. Petroleum and taking his orders from I.G. Petroleum as to the operations of the L/B DEWITT ELEVATOR, specifically, as to the "jacking down" of the L/B DEWITT ELEVATOR in heavy seas which caused Plaintiff's injuries?

This Court determines that I.G. Petroleum has sufficiently shown that it did not order, advise, suggest, insinuate, or request that the L/B DEWITT ELEVATOR be moved or otherwise

repositioned such that the tort liability claims against it should be dismissed.[2]  I.G. Petroleum's previous motion for summary judgment was denied based on the finding of a possible hybrid tort liability, something that I.G. Petroleum did not brief and which was argued in Plaintiff's opposition.  When faced with that argument, I.G. Petroleum submitted this renewed motion and obtained affidavits to support its argument that it cannot be held liable under this theory of liability either.

Plaintiff's observation that Mr. Goins was, at times, on the telephone with Mr. Hallmark cannot create a genuine issue of *material* fact when the two parties to the actual conversations (Mr. Hallmark and Mr. Goins) both state that orders regarding vessel movement were never given.  Therefore, Petroleum's motion for summary judgment should be granted based on the lack of a genuine issue of material fact.  Accordingly,

**IT IS ORDERED** that I.G. Petroleum's **Renewed Motion for Summary Judgment (Rec. Doc. 46)** is hereby **GRANTED.**

New Orleans, Louisiana, this 12th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2]  See, e.g., <u>M.O.N.T. Boat Rental Services, Inc. v. Union Oil Company of California</u>, 613 F.2d 576 (finding that because the Captain had sole management and control over the vessel and could refuse to make any voyage, the charterer's request that the Captain make the voyage that resulted in a crew member's injuries was not active or primary negligence relative to the vessel owner's negligence).

6